FILED

2014 Jul-01  AM 11:51
U.S. DISTRICT COURT
N.D. OF ALABAMA

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
## WESTERN DIVISION

| | |
|---|---|
| JEFFERY ALLEN McCLELLAN, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No.: 7:13-cv-00950-VEH-SGC |
| | ) |
| CORRECTIONAL OFFICER EDWARDS, | ) |
| | ) |
| Defendant. | ) |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiff, Jeffery Allen McClellan ("Plaintiff"), has filed a *pro se* complaint pursuant to 42 U.S.C. § 1983, alleging rights, privileges, or immunities afforded him under the Constitution or laws of the United States have been abridged during his incarceration at Bibb Correctional Facility. Plaintiff names as the Defendant Correctional Officer Michael Edwards ("Defendant"). Plaintiff seeks monetary and injunctive relief.

In accordance with the usual practices of this court and 28 U.S.C. § 636(b)(1), the Complaint was referred to the undersigned magistrate judge for a preliminary report and recommendation. *See McCarthy v. Bronson*, 500 U.S. 136 (1991).

## I. PROCEDURAL HISTORY

On October 15, 2013, an Order for Special Report was entered, directing a copy of the Complaint be forwarded to Defendant and requesting Defendant file a special report addressing the factual allegations of the Complaint. (Doc. 14.) The Defendant

was advised the special report should be accompanied by sworn statements and, if appropriate, would be considered a motion for summary judgment filed pursuant to Rule 56 of the Federal Rules of Civil Procedure.  (*Id*.)  By the same Order, Plaintiff was notified after he received a copy of the special report submitted by Defendant, he should file counter-affidavits if he wished to rebut the matters presented by Defendant in the special report.  (*Id*.)

On January 13, 2014, Defendant filed a Special Report accompanied by affidavits. (Doc. 17.)  Plaintiff was notified Defendant's Special Report would be construed as a motion for summary judgment and Plaintiff would have twenty (20) days to respond by filing affidavits and other material if he chose.  (Doc. 19.) Plaintiff was also advised of the consequences of any default or failure to comply with Fed. R. Civ. P. 56.  *Griffith v. Wainwright*, 772 F.2d 822, 825 (11th Cir. 1985).  Plaintiff filed a response to Defendant's Motion for Summary Judgment on January 27, 2014.  (Doc. 18.)

## II.  SUMMARY JUDGMENT STANDARD

In considering a motion for summary judgment, a court must determine whether the moving party is entitled to judgment as a matter of law.  Summary judgment may be granted only if there are no genuine issues of material fact and the movant is entitled to judgment as a matter of law.  Fed. R. Civ. P. 56.  In making that assessment, a court must view the evidence in a light most favorable to the non-moving party and must draw all

reasonable inferences against the moving party. *See Chapman v. AI Transp.*, 229 F.3d 1012, 1023 (11th Cir. 2000). The burden of proof is upon the moving party to establish his *prima facie* entitlement to summary judgment by showing the absence of genuine issues and that he is due to prevail as a matter of law. *See Clark v. Coats & Clark, Inc.*, 929 F.2d 604, 608 (11th Cir. 1989). Unless the plaintiff, who carries the ultimate burden of proving his action, is able to show some evidence with respect to each element of his claim, all other issues of fact become immaterial and the moving party is entitled to judgment as a matter of law. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986); *Bennett v. Parker*, 898 F.2d 1530, 1532-33 (11th Cir. 1990).

As the Eleventh Circuit Court of Appeals has explained:

> Facts in dispute cease to be "material" facts when the plaintiff fails to establish a prime facie case. "In such a situation, there can be 'no genuine issue as to any material fact,' since a complete failure of proof concerning an essential element of the non-moving party's case necessarily renders all other facts immaterial." Thus, under such circumstances, the public official is entitled to judgment as a matter of law, because the plaintiff has failed to carry the burden of proof. This rule facilitates the dismissal of factually unsupported claims prior to trial.

*Bennett v. Parker*, 898 F.2d at 1532 (quoting *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986)). However, any "specific facts" pled in a *pro se* plaintiff's sworn complaint must

be considered in opposition to summary judgment.  *See Perry v. Thompson*, 786 F.2d 1093, 1095 (11th Cir. 1986).

## III.   SUMMARY JUDGMENT FACTS

Based on the foregoing summary judgment standard, the following facts are undisputed or, if disputed, taken in a light most favorable to Plaintiff.[1]

On August 9, 2012, Plaintiff was standing in front of the Shift Office when Defendant came up behind Plaintiff, grabbed the back of his neck, and slammed his face into the front of the building.  (Comp., p. 3.)  Defendant then opened the door to the Shift Office and shoved Plaintiff inside.  (*Id*.)  While in the Shift Office, Defendant began hitting Plaintiff in the back of the head with his fist.  (*Id*.)

Defendant then opened the door and dragged Plaintiff down the sidewalk to the E4 housing unit.  (*Id*.)  Defendant Edwards told inmates to keep Plaintiff there even if they had to "beat [his] ass."[2]  (Comp., p. 3.)

While the door was open for chow, Plaintiff went to Captain Hutton's office and informed Captain Hutton Defendant assaulted him.  (Doc. 18., p. 1.)  Captain Hutton told Plaintiff to report the matter to Lieutenant Butler, who was the Shift Commander.  (*Id*.)  Plaintiff went to the Shift Office and informed Lieutenant Butler Defendant assaulted

---

[1]   Factual disputes made by Defendant are addressed in footnote form.

[2]   Defendant denies Plaintiff's allegations.  (Doc. 17, Ex. 1, Edwards Aff.)  Defendant states he has never assaulted Plaintiff and has no knowledge of the alleged incident.  (*Id*.)

him.  (Compl., pp. 3-4.)  Plaintiff requested a body chart and stated he wanted to press charges against Defendant.  (Compl., p. 4.)  Lieutenant Butler denied Plaintiff's requests and made him stand outside of the Shift Office for six hours in 90 degree heat with no water.[3]  (*Id*. at 4.)  Plaintiff was subsequently moved from E4 housing unit.  (Doc. 18 at 1.)

Months later, Plaintiff was sent to the Shift Office.  (*Id*.)  Lieutenant Butler informed Plaintiff he was being transported to Montgomery to speak with an investigator in ADOC's Investigations & Intelligence Division about the alleged assault on August 9, 2012.  (Doc. 18, pp. 1-2.)

## III.  DISCUSSION

### A.    Official Capacity Claim.

To the extent Plaintiff's constitutional claim is brought against Defendant in his official capacity for money damages, Plaintiff's claim is due to be dismissed under the doctrine of sovereign immunity.  It is well established the Eleventh Amendment to the United States Constitution bars 42 U.S.C. § 1983 claims against the state or an agency of the state.  *See Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 100 (1984). Likewise, lawsuits against a state official in his or her official capacity are suits against

_____

[3]  Plaintiff has not named Lieutenant Butler as a defendant.  Butler denies both that Plaintiff notified him Defendant assaulted Plaintiff and that Plaintiff requested a body chart. (Doc. 17, Ex. 3, Butler Aff.)  Butler states he has no knowledge of the alleged incident.  (*Id*.)

the state when "the state is the real, substantial party in interest." *Id*. at 101.  Although Eleventh Amendment immunity protects state officials from suits for money damages, actions against a state official for prospective injunctive relief are outside the protection offered by the Eleventh Amendment. *Id*. at 102-03; *see Carr v. City of Florence*, 916 F.2d 1521, 1524 n.2  (11th Cir. 1990).

Based on the foregoing, Defendant's Motion for Summary Judgment on Plaintiff's claim against him in his official capacity for monetary relief is due to be granted.  The remainder of this Report and Recommendation will address Plaintiff's claim against Defendant in his individual capacity.

**B.**      **Eighth Amendment – Excessive Force.**

Plaintiff alleges on August 9, 2012, he was standing in front of the Shift Office when Defendant came up behind him, grabbed the back of his neck, and slammed his face into the front of the building.  Plaintiff claims Defendant then opened the door to the Shift Office and pushed Plaintiff inside.  While in the Shift Office, Plaintiff alleges Defendant began hitting Plaintiff in the back of his head with his fist.  He asserts Defendant then opened the door and dragged Plaintiff down the sidewalk to the E4 housing unit.  Plaintiff states Defendant told inmates to keep Plaintiff there even if they had to "beat [his] ass."  (Compl., p. 3.)

Plaintiff's excessive force claim against Defendant must be analyzed under the standard set forth by the United States Supreme Court in *Hudson v. McMillian*, 503 U.S. 1 (1992), and *Whitley v. Albers*, 475 U.S. 312 (1986).  *See Campbell v. Sikes*, 169 F.3d 1353, 1374 (11th Cir. 1999).  In *Hudson v. McMillian*, the Supreme Court held in assessing an inmate's excessive force claim, "the core judicial inquiry is that set out in *Whitley*: whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm."  *Hudson*, 503 U.S. at 6-7.  In extending *Whitley* to all cases involving allegations of the use of force by prison officials, the Supreme Court reasoned:

> Many of the concerns underlying our holding in *Whitley* arise whenever guards use force to keep order.  Whether the prison disturbance is a riot or a lesser disruption, corrections officers must balance the need "to maintain or restore discipline" through force against the risk of injury to inmates.  Both situations may require prison officials to act quickly and decisively.  Likewise, both implicate the principle that "'[p]rison administrators . . . should be accorded wide-ranging deference in the adoption and execution of policies and practices that in their judgment are needed to preserve internal order and discipline and to maintain institutional security.'"

*Hudson*, 503 U.S. at 9 (citations omitted).

With these concerns in mind, the Supreme Court set out certain factors that should be considered when evaluating whether the force used was excessive.  These factors include: (1) the need for application of force; (2) the relationship between that need and

the amount of force used; (3) the threat reasonably perceived by the responsible official;
(4) any efforts to temper the severity of a forceful response; and (5) the extent of the
injury suffered by the inmate. *Id*. at 7; *see Hewett v. Jarrad*, 786 F.2d 1080, 1085 (11th
Cir. 1986).

In applying the foregoing factors to the facts of a particular case, the Supreme
Court has instructed:

> That is not to say that every malevolent touch by a prison
> guard gives rise to a federal cause of action. *See Johnson v.
> Glick*, 481 F.2d at 1033 ("Not every push or shove, even if it
> may later seem unnecessary in the peace of a judge's chambers,
> violates a prisoner's constitutional rights."). The Eighth
> Amendment's prohibition of "cruel and unusual" punishments
> necessarily excludes from constitutional recognition *de
> minimis* uses of physical force, provided that the use of force
> is not a sort "'repugnant to the conscience of mankind.'"

*Hudson*, 503 U.S. at 9 (internal citations omitted).

Construing the facts in a light most favorable to Plaintiff, he claims Defendant
intentionally and maliciously attacked him. On the other hand, Defendant denies he ever
assaulted Plaintiff and claims he has no knowledge of the alleged incident on August 9,
2012.

It is well established assessing the credibility of the allegations made by the
plaintiff or defendant is beyond the scope of a trial court's ruling on a motion for
summary judgment. *See, e.g., Anderson v. Liberty Lobby, Inc.*, 447 U.S. 242, 255 (1986);

*see also, Mize v. Jefferson City Bd. of Educ.*, 93 F.3d 739, 742 (11th Cir. 1986).  The facts presented by both parties show a genuine dispute exists between Plaintiff's and Defendant's versions of the facts in connection with the August 9, 2012, incident.  Therefore, Defendant's Motion for Summary Judgment on Plaintiff's Eighth Amendment excessive force claim is due to be denied.

The court notes Plaintiff does not allege what injuries he sustained, if any, as a result of Defendant's alleged use of force.  However, the extent of injury suffered is but one factor to be considered in determining whether the use of force was wanton or unnecessary.  *See Hudson*, 503 U.S. at 7.  The United States Supreme Court in *Wilkins v. Gaddy*, 130 S.Ct. 1175, 1179 (2010) clarified the purpose of *Hudson* was to "shift the 'core judicial inquiry' from the extent of the injury to the nature of the force – specifically, whether [the force] was nontrivial and 'was applied . . . maliciously and sadistically to cause harm.'" (quoting *Hudson*, 503 U.S. at 7).  Even if Plaintiff sustained only minor injury, his allegations, if proven at trial, would establish that Defendant's use of force was wanton and unnecessary.

To the extent Defendant argues he is entitled to qualified immunity with regard to plaintiff's excessive force claim,

> a defense of qualified immunity is not available in cases alleging excessive force in violation of the Eighth Amendment, because the use of force 'maliciously and sadistically to cause

harm' is clearly established to be a violation of the
Constitution . . . . There is simply no room for a qualified
immunity defense when the plaintiff alleges such a violation.
The only question, then, is whether the plaintiff has alleged
facts sufficient to survive a motion for summary judgment.  If
he has done so, that is the end of the inquiry.

*Skrtich v. Thornton*, 280 F.3d 1295, 1301 (11th Cir. 2002) (citations omitted) (quoting

*Whitley v. Albers*, 475 U.S. 312, 320-21 (1986)).  Because Plaintiff has alleged facts

sufficient to survive a motion for summary judgment concerning his Eighth Amendment

excessive force claim, Defendant's Motion for Summary Judgment on the basis of

qualified immunity is also due to be denied.

## RECOMMENDATION AND NOTICE OF RIGHT TO OBJECT

Accordingly, for the reasons stated above, the magistrate judge **RECOMMENDS**
the following:

(1)   Defendant's Motion for Summary Judgment on Plaintiff's claim
against him in his official capacity for monetary damages be
**GRANTED** and the claim be **DISMISSED** with prejudice;

(2)   Defendant's Motion for Summary Judgment on Plaintiff's Eighth
Amendment excessive force claim be **DENIED**; and

(3)     Defendant's Motion for Summary Judgment on Plaintiff's Eighth

Amendment excessive force claim on the basis of qualified immunity

be **DENIED**.

Any party who objects to this report and recommendation must, within fourteen (14) days of the date on which it is entered, file specific written objections with the Clerk of the Court. **Any objections to the failure of the magistrate judge to address any contention raised in the petition also must be included.** Failure to do so will bar any later challenge or review of the factual findings **or legal conclusions** of the magistrate judge. *See* 28 U.S.C. § 636(b)(1)(C); *Thomas v. Arn*, 474 U.S. 140, 106 S.Ct. 466, 88 L.Ed.2d 435 (1985), *reh'g denied*, 474 U.S. 1111, 106 S.Ct. 899, 88 L.Ed.2d 933 (1986); *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982) (*en banc*). To challenge the findings of the magistrate judge, a party must file with the Clerk of the Court written objections specifically identifying the portions of the proposed findings and recommendation to which objection is made and the specific basis for objection. A copy of the objections must be served upon all other parties to the action.

Upon receipt of objections meeting the specificity requirement set out above, a United States District Judge shall make a *de novo* determination of those portions of the report, proposed findings, or recommendation to which objection is made and may accept, reject, or modify in whole or in part, the findings or recommendations made by

the magistrate judge.  The district judge, however, need conduct a hearing only in his discretion or if required by law, and may consider the record developed before the magistrate judge, making his own determination on the basis of that record.  The district judge may also receive further evidence, recall witnesses or recommit the matter to the magistrate judge with instructions.

Objections not meeting the specificity requirement set out above will not be considered by a district judge.

A party may not appeal a magistrate judge's recommendation directly to the United States Court of Appeals for the Eleventh Circuit.  Appeals may be made only from a final judgment entered by or at the direction of a district judge.

The Clerk is **DIRECTED** to serve a copy of this report and recommendation upon the Plaintiff.

**DONE** this 1ˢᵗ day of July, 2014.


STACI  G. CORNELIUS
U.S. MAGISTRATE JUDGE